UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PHI TRUONG,**<br><br>  Plaintiff,<br><br>  v.<br><br>**UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,**<br><br>  Defendant. | Misc. No. 04-488 (JMF) |

**ORDER**

On September 8, 2004, Plaintiff Phi Truong was sent a Customer Notice by the Department of Housing and Urban Development ("HUD"). The notice informed plaintiff that pursuant to an investigation regarding the Public Housing Section 8 Program, his records were being sought from Citimortgage Corporation. The notice also described the process by which plaintiff could challenge the subpeona of the subject records.

The process for challenging the subpoena included the requirement that a Motion to Challenge be filed either in the United States District Court for the District of Columbia or the Eastern District of Kentucky within 10 days of the date of service or within 14 days of the date of mailing. The notice also instructed plaintiff to "[c]omply with Rule 4 of the Federal Rules of Civil Procedure, and serve the Government officer requesting the records by delivering or mailing (by registered or certified mail) a copy of [his] motion and sworn statement to" the Inspector General of HUD. The notice indicated that, if no challenge was filed, the requested

records could be released to HUD.

Neither HUD nor the United States Attorney's Office has filed an appearance in this matter. The notice specifically instructed plaintiff to comply with Rule 4, but in the same breath, instructed plaintiff to serve the Inspector General of HUD. Without specifying the applicable subsections of Rule 4 or listing Rule 4's requirement that the United States also be served, via service on the U.S. Attorney's Office, the notice is unclear at best. In light of the fact that the instruction could reasonably be read to suggest that service on the Inspector General of HUD was sufficient to comply with Rule 4, I hereby, **ORDER** that:

1. If HUD has not already done so, HUD is enjoined from sending a certificate of compliance to Citimortgage Corporation; and

2. If HUD has sent such a certificate and has received plaintiff's financial records, HUD is hereby enjoined from reviewing those records, using any information contained therein in any investigation, and/or sharing them with any other government agency; and

3. If HUD possesses plaintiff's financial records, HUD shall seal them immediately.

These conditions shall be in force *immediately* and shall remain in force until the final adjudication of this matter.

Finally, I am sending a copy of this Order to Craig Lawrence, Esq., Civil Division of the U.S. Attorney's Office, so that the U.S. Attorney's Office may enter its appearance forthwith.

**SO ORDERED.**

Dated:                                                                  _____
                                                                        JOHN M. FACCIOLA
                                                                        UNITED STATES MAGISTRATE JUDGE